IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| GARY PENDERGRASS, ) | CV 07-66-M-DWM-JCL |
|       Plaintiff, ) | |
| vs. ) | ORDER |
| WILLIAM M. "BILL" CLANTON, and ) CLANTON DEVELOPMENT COMPANY, a ) Colorado corporation, ) | |
|       Defendants. ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on April 16, 2008. The parties did not timely object and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff Pendergrass brought this action in state court alleging that the Defendants failed to pay him for consulting

-1-

services.  The matter was removed to this Court on May 30, 2007. After the case was removed, both attorneys representing the Plaintiff were allowed to withdraw from the case, and the Plaintiff informed the Court of his intent to proceed pro se. The Defendants filed a motion for summary judgment on April 1, 2008.  Plaintiff Pendergrass responded with a "Consent to Dismissal" in which he requests dismissal of the action without prejudice.  The Plaintiff states that he does not agree with the Defendants' motion, but that he lacks the knowledge and resources to oppose it.  The Defendants do not oppose the Plaintiffs' motion for dismissal, but ask that either the case be dismissed with prejudice and the Defendants awarded costs pursuant to 28 U.S.C. § 1920, or, if the case is dismissed without prejudice, that the Defendants be reimbursed for their attorney fees incurred in defending the action.

  Judge Lynch weighed the factors to be considered in determining whether to award fees and costs upon dismissal, as set forth in Stevedoring Services of America v. Armilla International B.V., 889 F.2d 919, 921 (9th Cir. 1989), and concluded that the case should be dismissed without prejudice and that an award of fees or costs is not warranted.  He noted that the case has not progressed beyond the initial stages, that the Plaintiff acted diligently in moving for dismissal, and that the expenses incurred to date by the defendants are minimal.  I can find no clear error with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

-3-

Accordingly, IT IS HEREBY ORDERED that the Plaintiff's motion to dismiss (Doc. No. 30) is GRANTED pursuant to Fed. R. Civ. P. 41(a)(2) and the Complaint is DISMISSED WITHOUT PREJUDICE and without the imposition of fees and costs.

IT IS FURTHER ORDERED that the Defendants' motion for summary judgment (Doc. No. 30) is DENIED as moot.

DATED this 14th day of May, 2008.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT